Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO SAULO D. RODRÍGUEZ (GURACOOP)<br><br>Apelante<br><br>v.<br><br>MEVELYN ALICEA CARABALLO<br><br>Apelada | KLAN202400356 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. GR2024CV00062<br><br>Sobre: Cobro de dinero ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

### I.

El 10 de abril de 2024, la Cooperativa de Ahorro y Crédito Saulo D. Rodríguez (GURACOOP o parte apelante) compareció ante nos mediante un *Recurso de apelación*, en el que nos solicitó revisar una *Sentencia* dictada el 8 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Por virtud del aludido dictamen, el TPI desestimó la *Demanda* en cobro de dinero ordinario incoada por GURACOOP contra la señora Mevelyn Alicea Caraballo (señora Alicea Caraballo o parte apelada),[2] debido a que debía radicar la acción de conformidad con la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60.

El 11 de abril de 2024 emitimos una *Resolución* en la que le concedimos a GURACOOP un término de tres (3) días para mostrar causa por la cual no debamos desestimar el recurso por falta de

---

[1] Apéndice de *Recurso de apelación*, Anejo VI, págs. 10-11. Archivada y notificada digitalmente el 11 de marzo de 2024.
[2] *Íd.*, Anejo V, págs. 7-9.

jurisdicción. Esto, debido a que no se presentó la notificación de la determinación del TPI en torno a su solicitud de retiro de las reconsideraciones presentadas por la parte apelante.

El 16 de abril de 2024, la parte apelante presentó una *Moción en cumplimiento de resolución mostrando causa por la cual este tribunal tiene jurisdicción*. En esta, GURACOOP estableció que decidió retirar las mociones de reconsideración ante el TPI para que esta Curia apelativa atendiera la controversia. No incluyó evidencia de la determinación del TPI sobre el particular.

Por virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7, prescindiremos de la comparecencia de partes adicionales con el propósito de lograr su más justo y eficiente despacho.

En adelante, procedemos a pormenorizar los hechos atinentes a este recurso.

## II.

El caso de marras tuvo su génesis el 7 de marzo de 2024 cuando GURACOOP instó una *Demanda* en cobro de dinero ordinario contra la señora Alicea Caraballo.[3] Mediante esta, GURACOOP aseveró que la parte apelada dejó de pagar las mensualidades vencidas en un préstamo personal cuyo pagaré se suscribió el 5 de octubre de 2018 a su favor. Esgrimió que realizó infructuosos reclamos extrajudiciales que continuaron resultando en el impago de la deuda reclamada. Así las cosas, declaró la totalidad de la deuda vencida, ascendente a $10,891.22 por concepto de principal y $1,013.82 por concepto de intereses y recargos acumulados al 20 de febrero de 2024, para un total adeudado de $11,905.04. Por todo lo anterior, GURACOOP solicitó al TPI que dicte una sentencia ordenando a la parte apelada

---

[3] *Íd.*

satisfacer la cantidad adeudada, las costas, los gastos, el desembolso que el cobro de la deuda haya originado, más los honorarios de abogados, así como cualquier otra providencia que le corresponda. A su vez, GURACOOP peticionó lo siguiente: "**Se solicita que la presente demanda se tramite bajo el procedimiento ordinario de cobro de dinero**". (Énfasis nuestro).

El 8 de marzo de 2024, el TPI emitió una *Sentencia* en la que desestimó la *Demanda*, puesto que se debió radicar conforme dispone la Regla 60 de Procedimiento Civil, *supra*, R. 60.[4]

Inconforme con la determinación del Foro Primario, el 15 de marzo de 2024, GURACOOP solicitó una reconsideración a la desestimación.[5] La parte apelante señaló que solicitó que la acción se tramitara mediante el procedimiento ordinario de cobro de dinero. Por otro lado, que la Regla 60 de Procedimiento Civil, *supra*, R. 60, le faculta a elegir si su causa será tramitada por el procedimiento ordinario o sumario de cobro de dinero. No obstante, que, en la eventualidad de que el TPI sostuviese su decisión de que el pleito se tramitara por la vía sumaria, pudo apercibirle sobre la idoneidad de convertir la acción por la vía sumaria o referirlo *motu proprio* a la Secretaría del TPI para reclasificarlo, sin desestimar la reclamación.

El 3 de abril de 2024, GURACOOP y la señora Alicea Caraballo suscribieron un *Acuerdo de estipulación y solicitud de sentencia por consentimiento bajo la Regla 35.4 de las de Procedimiento Civil.*[6] Las partes convinieron un acuerdo de pago en relación con la deuda objeto de este recurso, con la condición de que de la señora Alicea Caraballo incumplir con los pagos pactados, GURACOOP solicitaría la activación del caso judicial para ejecutar la sentencia que se dicte en su contra. Le peticionaron al TPI que dicte sentencia por

---

[4] *Íd.*, Anejo VI, págs. 10-11.
[5] *Íd.*, Anejo VII, págs. 12-15.
[6] *Íd.*, Anejo X, págs. 20-23. Hacemos notar que el referido acuerdo de estipulación no está contenido en el expediente digital del caso GR2024CV00062 ante el TPI en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

consentimiento, de acuerdo con los términos y las condiciones del aludido acuerdo.

Dado que el Foro Primario no se expresó en torno a la solicitud de reconsideración, el 9 de abril de 2024, la parte apelante presentó una *Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda.*[7]

El 10 de abril de 2024, GURACOOP radicó una moción en la que peticionó al TPI el retiro de las dos (2) mociones solicitando reconsideración de la *Sentencia* dictada, puesto que proyectaba presentar un recurso de apelación ante este Tribunal.[8]

En igual fecha, el TPI resolvió declarar Ha Lugar a la solicitud de la parte apelante de retirar las mociones de reconsideración.[9]

El mismo día, GURACOOP presentó un *Recurso de apelación* en el que planteó que el TPI incidió en cometer los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR:** ERRÓ EL TPI AL NO ACEPTAR LA VOLUNTAD DE LA PARTE DEMANDANTE, SEGÚN LE PROVEE Y FACULTA LA REGLA 60 DE PROCEDIMIENTO CIVIL DE PRESENTAR LA RECLAMACIÓN DE COBRO DE DINERO MEDIANTE EL PROCEDIMIENTO ORDINARIO.

**SEGUNDO SEÑALAMIENTO DE ERROR:** ERRÓ EL TPI AL DESESTIMAR LA DEMANDA POR ESTA HABER SIDO PRESENTADA MEDIANTE EL PROCEDIMIENTO DE COBRO ORDINARIO Y NO AL AMPARO DE LA REGLA 60 DE PROCEDIMIENTO CIVIL, COMO ORDENÓ, AUN CUANDO LA PROPIA REGLA 60 ESTABLECE QUE LA PARTE DEMANDANTE TIENE LA FACULTAD PARA SOLICITAR QUE SE TRAMITE SU CASO BAJO EL PROCEDIMIENTO ORDINARIO.

En síntesis, la parte apelante sostuvo que la parte demandante tiene derecho a escoger la manera de iniciar su pleito en cobro de dinero. Esgrimió que, en tal virtud, seleccionó tramitar la reclamación en cobro de dinero mediante el procedimiento ordinario por ser la vía más idónea para todas las partes. Además, que del TPI sostener que el pleito debía ventilarse por la vía sumaria,

---

[7] *Íd.*, Anejo VIII, págs. 16-17.
[8] *Íd.*, Anejo IX, págs. 18-19.
[9] Hacemos notar que, a pesar de que la aludida *Orden* obra en el expediente digital del caso GR2024CV00062 en SUMAC, el TPI nunca la notificó, debido a que nunca se accionó la alternativa de NOTIFICAR, según dispone la normativa de SUMAC.

pudo apercibirle sobre la idoneidad de la conversión o referirlo *motu proprio* a la Secretaría del Tribunal para reclasificar el caso.

Tras examinar los argumentos de la parte apelante, procedemos a pormenorizar la normativa jurídica aplicable a la controversia planteada ante nos.

**III.**

La Regla 60 de Procedimiento Civil, *supra*, R. 60, dispone un procedimiento sumario para las reclamaciones en cobro de dinero que no excedan de quince mil dólares ($15,000.00). El propósito de del procedimiento sumario establecido en la aludida regla versa en "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en [e]ste tipo de reclamación". ***Cooperativa v. Hernández Hernández***, 205 DPR 624, 631 (2020); ***Asoc. Res. Colinas Metro v. SLG***, 156 DPR 88, 97 (2002). En tal sentido, la Regla 60 de Procedimiento Civil, *supra*, R. 60 establece:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, **y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario**, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado. (Énfasis nuestro).

A saber, para que la reclamación en cobro de dinero se efectúe mediante el procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, *supra*, R. 60, se requiere que no se solicite que el pleito se tramite a la luz del procedimiento ordinario. ***Cooperativa v. Hernández Hernández***, *supra*, pág. 635. De igual manera, una vez la reclamación sea tramitada por la vía sumaria, cualquiera de las partes tiene derecho a solicitar que el pleito se continúe ventilándose el caso mediante el procedimiento sumario o el tribunal

podrá ordenar el cambio *motu proprio. Íd.*, pág. 637. Véase también R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., San Juan, Lexisnexis de Puerto Rico, 2017, pág. 626.

En ***Cooperativa v. Hernández Hernández***, *supra*, págs. 639-640, el Tribunal Supremo estableció que, ante el incumplimiento con la notificación-citación a la parte demandada, la Regla 60 de Procedimiento Civil, *supra*, provee para la conversión al procedimiento ordinario sin que sea necesario desestimar el caso. Esto, en atención a que la desestimación es la última medida que provee el ordenamiento procesal civil para sancionar a una parte. *Íd.*, pág. 639.

Considerando la normativa jurídica previamente esbozada, nos encontramos en posición para resolver.

**IV.**

En el caso ante nos, GURACOOP planteó que el TPI incidió en cometer dos (2) errores. En esencia, la parte apelante alegó que erró el Foro Primario en no aceptar su voluntad de instar la reclamación en cobro de dinero contra la señora Alicea Caraballo mediante el procedimiento ordinario.

Tras un análisis objetivo, sereno y cuidadoso de los documentos que obran en el expediente, resolvemos que el TPI cometió ambos errores. La propia Regla 60 de Procedimiento Civil, *supra*, R. 60, dispone dos (2) requisitos para la tramitación de un pleito en cobro de dinero por la vía sumaria, siendo estos que la suma reclamada no exceda de quince mil dólares ($15,000) y **que en la demanda no se solicite tramitar el caso mediante el procedimiento ordinario**. Es decir, cuando una parte demandante presenta una acción por cobro de dinero por una cantidad que no exceda de quince mil dólares ($15,000), nuestro ordenamiento procesal civil le permite escoger si el pleito se tramitará por el

procedimiento ordinario, notificándolo en la demanda. Véase *Cooperativa v. Hernández Hernández*, *supra*, pág. 635.

En el caso ante nuestra consideración, GURACOOP peticionó en la *Demanda* instada contra la señora Alicea Caraballo lo que sigue: "**Se solicita que la presente demanda se tramite bajo el procedimiento ordinario de cobro de dinero**". (Énfasis nuestro). Por consiguiente, a tenor con la Regla 60 de Procedimiento Civil, *supra*, R. 60, la reclamación en cobro de dinero en controversia no podía tramitarse a través del procedimiento sumario, puesto que la parte demandante solicitó expresamente que se ventile por el procedimiento ordinario. En tal virtud, el TPI no tenía la prerrogativa de desestimar la acción bajo el fundamento de que debía radicarla conforme con el procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, *supra*, R. 60. Así las cosas, este caso procede ventilarse mediante el procedimiento ordinario, tal como la parte apelante lo solicitó en la *Demanda*.

Por todo lo anterior, se deja sin efecto la desestimación de la *Demanda* para que el Foro Primario continúe con el caso de marras, a tenor con el procedimiento ordinario de una reclamación en cobro de dinero.

## V.

Por los fundamentos que anteceden, se revoca la determinación del TPI.

Se devuelve el caso para que se continúe con los procedimientos, de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones